UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

Christopher McCalley and Marilyn McCalley
Individually and as Parents of Patrick
McCalley, Deceased;

        Plaintiffs,   Case No: 1:18-cv-03368-RLY-MPB

v.

Carmel Clay School Corporation, doing
business through the Board of School Trustees
of the Carmel Clay Schools, Carmel High
School, City of Carmel, Toby Steele, Nicholas
Wahl, and Carmel Police Officer Phil Hobson,

        Defendants.

## BRIEF IN SUPPORT OF
## MOTION TO DISMISS CLAIMS AGAINST NICHOLAS WAHL

Plaintiffs filed this lawsuit seeking to assert federal constitutional claims and state law tort claims, for the death of Patrick McCalley. Plaintiffs, Christopher and Marilyn McCalley, have asserted that their son, Patrick McCalley committed suicide on October 6, 2016 as a result of the conduct of the events outlined in their Complaint. As shown below, the Plaintiffs have failed to state a claim against Defendant Nicholas Wahl, and Defendants request that Nicholas Wahl be dismissed as a party to this suit pursuant to Fed. R. Civ. Pro. 12(b)(6).

The only fact-based allegation in the Complaint relating to Nicholas Wahl is as follows:

> "At all relevant times herein Defendant Nicholas Wahl, as Superintendent of Carmel Clay School Corporation, was a managing agent, charged with the duties of the general administration of the school district, including, but not limited to, Carmel High School, hiring of teachers, safety of student population, training and oversight of staff and school operations at Carmel High School, among other responsibilities. Mr. Wahl is sued in his official capacity." [Paragraph 8]

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The

complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Factual allegations are accepted as true at the pleading stage, but "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *McReynolds v. Merrill Lynch & Co., Inc.,* 694 F.3d 873, 885 (7th Cir.2012) (citing *Iqbal,* 556 U.S. at 678). Putting a defendant on notice of a claim is not the same as stating a claim that can survive a Rule 12(b)(6) motion to dismiss. *Adams v. City of Indianapolis* 742 F.3d 720, 729 (7th Cir. 2014).

Plaintiffs have named Nicholas Wahl, the former Superintendent of Carmel Clay School Corporation, as a defendant in his official capacity. They have also separately named the Carmel Clay School Corporation as a defendant. The official capacity claim against Wahl as the Superintendent of the School Corporation and the claims against the School Corporation itself are redundant. A claim against an individual in his official capacity is "in all respects other than name, to be treated as a suit against the [public] entity ... for the real party in interest is the entity." *Kentucky v. Graham,* 473 U.S. 159, 165–66 (1985). Because the School Corporation is the real party in interest here, the official-capacity claims against Nicholas Wahl shall be dismissed as duplicative of the claims against the School Corporation. *See Bratton v. Town of Fortville*, 2010 WL 2291853, at *5 (S.D. Ind. June 2, 2010).

Even assuming the allegations in the Complaint are true, Plaintiffs have failed to state any facts that allows the court to draw the reasonable inference that the Nicolas Wahl is liable to Plaintiffs for the misconduct alleged. The Complaint does not contain any assertion that Nicholas Wahl was personally involved in the alleged wrongful conduct. Thus, there is no factual basis to support an entitlement to relief from Nicholas Wahl, under any of the legal theories asserted in the Complaint.

The claims which Plaintiffs seek to assert against Nicholas Wahl should be dismissed, with prejudice, pursuant to Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim upon which relief can be granted.

        Respectfully Submitted,

        */s/ Liberty L. Roberts*
        Liberty L. Roberts, Atty. No. 23107-49
        Attorney for Defendants Carmel Clay School Corporation, Carmel High School, Toby Steele and Nicholas Wahl
        CHURCH CHURCH HITTLE + ANTRIM
        10765 Lantern Road, Suite 201
        Fishers, IN 46038

### CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of December 2018, a true and exact copy of the foregoing was filed electronically via the Court's Electronic filing system. Notice of this filing was sent to the following persons by operation of the Court's Electronic filing system.

| | |
|---|---|
| Sheila M. Sullivan, Atty. No. 14551-49<br>FLYNN & SULLIVAN, PC<br>8910 Wesleyan Road, Suite C<br>Indianapolis, IN 46268<br>T: 317-660-4770<br>Email: sheila@fstrial.com<br>*Attorney for Plaintiffs* | Paul T. Belch, Atty. No. 18533-49<br>Travelers Staff Counsel Indiana<br>P.O. Box 64093<br>St. Paul, MN 55164-0093<br>T: 317-818-5111/ F: 317-818-5124<br>Email: pbelch@travelers.com<br>*Attorney for Defendants City of Carmel and Carmel Police Officer Phil Hobson* |

        */s/ Liberty L. Roberts*
        Liberty L. Roberts

CHURCH CHURCH HITTLE + ANTRIM
10765 Lantern Road, Suite 201
Fishers, IN 46038
T: (317)773-2190 / F: (317)572-1609
Email: LRoberts@cchalaw.com