IN THE UNITED STATES DISTRICT COURT
Southern District of Indiana
Indianapolis Division

| | |
|---|---|
| CHRISTOPHER McCALLEY and<br>MARILYN McCALLEY, Individually and as<br>Parents of PATRICK McCALLEY, Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>CARMEL CLAY SCHOOL CORPORATION,<br>doing business through the Board of School<br>Trustees of the Carmel Clay Schools,<br>CARMEL HIGH SCHOOL,<br>CITY OF CARMEL,<br>TOBY STEELE,<br>NICHOLAS WAHL, and<br>CARMEL POLICE OFFICER PHIL HOBSON,<br><br>Defendants. | Case No. 1:18-cv-3368-RLY-MPB |

**ANSWER, AFFIRMATIVE DEFENSES AND REQUEST FOR JURY TRIAL
ON BEHALF OF DEFENDANTS CITY OF CARMEL AND
CARMEL POLICE OFFICER PHIL HOBSON**

Defendants, City of Carmel and Carmel Police Officer Phil Hobson, by counsel, for their Answer to Plaintiffs' *Complaint and Jury Demand*, allege and say:

1. Defendants admit that, as pled, this is an action brought by Plaintiffs seeking to assert claims pursuant to the Indiana Wrongful Death Act, Ind. Code § 34-23-2-1, the Indiana Tort Claims Act, Ind. Code § 34-13-3, and 42 U.S. C. § 1983, and under federal and state common law. Defendants deny that there is any basis for any such legal claims and deny all other allegations contained within paragraph one (1) of Plaintiffs' Complaint.

2. Defendants admit the material allegations contained in paragraph two (2) of Plaintiffs' Complaint.

3. Defendants admit that venue is proper in the United States District Court for the Southern District of Indiana.

4. Defendants deny the material allegations contained in paragraph four (4) of Plaintiffs' Complaint.

5, 6. The allegations contained in paragraphs five (5) and six (6) of Plaintiffs' Complaint are not directed to these Defendants and, therefore, no response is required. However, to the extent a responsive pleading is required, and to the extent the allegations contained in paragraphs five (5) and six (6) are directed to the *City of Carmel* and *Carmel Police Officer Phil Hobson*, they are specifically denied.

7. Defendants deny the material allegations contained in paragraph seven (7) of Plaintiffs' Complaint.

8. The allegations contained in paragraph eight (8) of Plaintiffs' Complaint are not directed to these Defendants and, therefore, no response is required. However, to the extent a responsive pleading is required, and to the extent the allegations contained in paragraph eight (8) are directed to the *City of Carmel* and *Carmel Police Officer Phil Hobson*, they are specifically denied.

9. As to the material allegations contained in paragraph nine (9) of Plaintiffs' Complaint, defendant denies that Officer Phil Hobson dresses in police uniform at all times. Defendants admit any remaining material allegations contained therein.

10. The allegations contained in paragraph ten (10) of Plaintiffs' Complaint are not directed to these Defendants and, therefore, no response is required. However, to the extent a responsive pleading is required, and to the extent the allegations contained in paragraph ten (10) are directed to the *City of Carmel* and *Carmel Police Officer Phil Hobson*, they are specifically denied.

11. Defendants deny that the City of Carmel is liable for the actions of its agents and employees—such calls for a legal conclusion. Defendants admit the remaining material allegations contained in paragraph eleven (11) of Plaintiffs' Complaint.

12. As to the material allegations contained in paragraph twelve (12) of Plaintiffs' Complaint, Defendants admit the parentage, date of birth, date of death and age of Plaintiff. Defendants are without knowledge or information sufficient to form a belief as to the truth of any and all remaining material allegations contained therein and therefore deny the same.

13-15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraphs thirteen (13), fourteen (14), and fifteen (15) of Plaintiffs' Complaint and therefore deny the same.

16-19. Defendants deny the material allegations contained in paragraphs sixteen (16), seventeen (17), eighteen (18), and nineteen (19) of Plaintiffs' Complaint.

20. As to the material allegations contained in paragraph twenty (20) of Plaintiffs' Complaint, Defendants deny that "Defendant Steele and/or Officer

Hobson went in and out of the room to confer and to psychologically intimidate, coerce and shame Patrick to go further than admitting he sent two inappropriate Snapchats". Defendants are without knowledge or information sufficient to form a belief as to the truth of any and all remaining material allegations contained in therein and therefore deny the same.

21-26. Defendants deny the material allegations contained in paragraphs twenty-one (21), twenty-two (22), twenty-three (23), twenty-four (24), twenty-five (25), and twenty-six (26) of Plaintiffs' Complaint.

27, 28. Defendants are without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraphs twenty-seven (27) and twenty-eight (28) of Plaintiffs' Complaint and therefore deny the same.

29-32. Defendants deny the material allegations contained in paragraphs twenty-nine (29), thirty (30), thirty-one (31), and thirty-two (32) of Plaintiffs' Complaint.

33. As to the material allegations contained in paragraph thirty-three (33) of Plaintiffs' Complaint, Defendants admit that the police officer on the scene contacted Officer Hobson. Defendants deny any and all remaining material allegations contained therein.

34. Defendants are without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph thirty-four (34) of Plaintiffs' Complaint and therefore deny the same.

## COUNT I
## PROCEDURAL DUE PROCESS VIOLATION 42 U.S.C. §1983

35. Defendants incorporate by reference their responses to paragraphs one (1) through thirty-four (34) of Plaintiffs' Complaint as if set forth in their entirety.

36. Defendants admit the material allegations contained in paragraph thirty-six (36) of Plaintiffs' Complaint.

37-43. Defendants deny the material allegations contained in paragraphs thirty-seven (37), thirty-eight (38), thirty-nine (39), forty (40), forty-one (41), forty-two (42), and forty-three (43) of Plaintiffs' Complaint.

## COUNT II
## VIOLATION OF SUBSTANTIVE DUE PROCESS RIGHTS 42 U.S.C. §1983

44. Defendants incorporate by reference their responses to paragraphs one (1) through forty-three (43) of Plaintiffs' Complaint as if set forth in their entirety.

45. Defendants admit the material allegations contained in paragraph forty-five (45) of Plaintiffs' Complaint.

46-48. Defendants deny the material allegations contained in paragraphs forty-six (46), forty-seven (47), and forty-eight (48) of Plaintiffs' Complaint.

49. Defendants deny the material allegations contained in paragraph forty-nine (49) of Plaintiffs' Complaint.

50-55. Defendants deny the material allegations contained in paragraphs fifty (50), fifty-one (51), fifty-two (52), fifty-three (53), fifty-four (54), and fifty-five (55) of Plaintiffs' Complaint.

## COUNT III
## WILLFUL AND WANTON CONDUCT

56. Defendants incorporate by reference their responses to paragraphs one (1) through fifty-five (55) of Plaintiffs' Complaint as if set forth in their entirety.

57-59. Defendants deny the material allegations contained in paragraphs fifty-seven (57), fifty-eight (58), and fifty-nine (59) of Plaintiffs' Complaint.

## COUNT IV
## NEGLIGENCE/RECKLESSNESS/NEGLECT

60. Defendants incorporate by reference their responses to paragraphs one (1) through fifty-nine (59) of Plaintiffs' Complaint as if set forth in their entirety.

61-64. Defendants deny the material allegations contained in paragraphs sixty-one (61), sixty-two (62), sixty-three (63), and sixty-four (64) of Plaintiffs' Complaint.

## COUNT V
## FOURTH AMENDMENT VIOLATION 42 U.S.C. §1983

65. Defendants incorporate by reference their responses to paragraphs one (1) through sixty-four (64) of Plaintiffs' Complaint as if set forth in their entirety.

66. Defendants deny the material allegations contained in paragraph sixty-six (66) of Plaintiffs' Complaint.

67-70. Defendants deny the material allegations contained in paragraphs sixty-seven (67), sixty-eight (68), sixty (69), and seventy (70) of Plaintiffs' Complaint.

## COUNT VI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

71. Defendants incorporate by reference their responses to paragraphs one (1) through seventy (70) of Plaintiffs' Complaint as if set forth in their entirety.

72, 73. Defendants deny the material allegations contained in paragraphs seventy-two (72) and seventy-three (73) of Plaintiffs' Complaint.

## COUNT VII
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

74. Defendants incorporate by reference their responses to paragraphs one (1) through seventy (70) of Plaintiffs' Complaint as if set forth in their entirety.

75, 76. Defendants deny the material allegations contained in paragraphs seventy-five (75) and seventy-six (76) of Plaintiff's Complaint.

## COUNT VIII
## VIOLATION OF FIFTH AMENDMENT RIGHTS 42 U.S.C. §1983

77. Defendants incorporate by reference their responses to paragraphs one (1) through seventy-six (76) of Plaintiffs' Complaint as if set forth in their entirety.

78. Defendants admit the material allegations contained in paragraph seventy-eight (78) of Plaintiffs' Complaint.

79-84. Defendants deny the material allegations contained in paragraphs seventy-nine (79), eighty (80), eight-one (81), eighty-two (82), eighty-three (83), and eighty-four (84) of Plaintiffs' Complaint.

WHEREFORE, Defendants, City of Carmel and Carmel Police Officer Phil Hobson, pray for judgment in their favor, that Plaintiffs take nothing by way of their Complaint, for costs of this action, and for all other just and proper relief in the premises.

**AFFIRMATIVE DEFENSES**

Defendants, City of Carmel and Carmel Police Officer Phil Hobson, by counsel, for their Affirmative Defenses to Plaintiffs' Complaint, allege and say:

1. Plaintiffs have failed to state a claim for which relief can be granted.

2. Plaintiffs' rights, privileges, and immunities secured under the Constitution or laws of the United States have not been violated by any alleged action or inaction of Defendants. Defendants at all times acted reasonably, without malice, and in good faith.

3. The purported action pursuant to 42 U.S.C. § 1983 as against these Defendants fails to state an actionable claim for relief because Defendants lacked personal involvement, and there is no liability in an action under § 1983 absent direct personal involvement in the facts giving rise to the action.

4. The Complaint fails to state an actionable claim for relief under 42 U.S.C. § 1983 or Indiana law.

5. Plaintiffs were contributorily negligent, and such conduct bars Plaintiffs' claims under Ind. Code § 34-13-3-1-, *et seq.*

6. Decedent was careless and negligent with regard to his own safety and well-being, which carelessness and negligence proximately caused and/or contributed to the injuries and/or damages of which Plaintiffs complain.

7. Plaintiffs' claims against Defendants are barred pursuant to Ind. Code § 34-13-3-1, *et seq*.

8. Plaintiffs failed to file a timely Notice of Tort Claim pursuant to Ind. Code § 34-13-3-1, *et seq*.

9. Defendants did not actually or proximately cause the Plaintiffs' damages and injuries, if any be found to exist.

10. Defendant Carmel Police Officer Phil Hobson is entitled to qualified immunity on Plaintiffs' § 1983 claims, as his conduct did not constitute a constitutional deprivation under clearly established law.

WHEREFORE, Defendants, City of Carmel and Carmel Police Officer Phil Hobson, pray for judgment in their favor, that Plaintiffs take nothing by way of their Complaint, for costs of this action, and for all other just and proper relief in the premises.

### REQUEST FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Defendants, City of Carmel and Carmel Police Officer Phil Hobson, respectfully demand a trial by jury.

Respectfully submitted,

**TRAVELERS STAFF COUNSEL INDIANA**

By: */s/ Paul T. Belch*
Paul T. Belch, 18533-49

**CERTIFICATE OF SERVICE**

  I hereby certify that the foregoing document was filed electronically using the Case Management/Electronic Case Files ("CM/ECF") system and served via the CM/ECF system upon registered counsel of record on <u>December 6, 2018</u>.

              By:  */s/ Paul T. Belch*
                 Paul T. Belch, 18533-49

TRAVELERS STAFF COUNSEL INDIANA
280 East 96th Street, Suite 325, Indianapolis, IN 46240
***Mailing Address:*** P. O. Box 64093, St. Paul, MN 55164-0093
PH (317) 818-5111
FX (317) 818-5124
pbelch@travelers.com

PTB:gb