IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MCCALLEY and | ) | |
| MARILYN MCCALLEY, Individually and | ) | |
| as Parents of PATRICK MCCALLEY, | ) | Case Number: 1:18-cv-3368-RLY-MPB |
| Deceased; | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| CARMEL CLAY SCHOOL | ) | |
| CORPORATION, doing business through the | ) | |
| Board of School Trustees of the Carmel Clay | ) | |
| Schools, CARMEL HIGH SCHOOL, CITY | ) | |
| OF CARMEL, TOBY STEELE, NICHOLAS | ) | |
| WAHL, and CARMEL POLICE OFFICER | ) | |
| PHIL HOBSON, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' RESPONSE TO DEFENDANT NICHOLAS WAHL'S MOTION TO DISMISS

Come now Christopher McCalley and Marilyn McCalley, individually and as parents of

Patrick McCalley, deceased, and hereby state their opposition to Defendant Nicholas Wahl's

Motion to Dismiss as follows:

Defendant moved to dismiss this action pursuant to Fed. R. Civ. Pro. 12(b)(6) on the

basis that the stated cause of action is merely duplicative of the allegations of made against

Carmel Clay School Corporation. The Complaint against the Defendants is an action for the

wrongful death of Patrick McCalley pursuant to the Indiana Child Wrongful Death Act, Ind.

Code § 34-23-2-1, the Indiana Tort Claims Act, Ind. Code § 34-13-3, and 42 U.S.C. §1983, and

under federal and state common law. The allegations include negligence, recklessness, willful

and wanton conduct and deprivation of state and federal rights that caused Patrick's death after

he was isolated and forced to sign an affidavit under oath stating he had committed a crime,

under extreme circumstances, proximately resulting in Patrick taking his own life. As Superintendent, it is alleged that Wahl had responsibilities for the administration of student safety, training of school employees (including training regarding suicide prevention and teens), "hiring of teachers, training and oversight of all staff and school operations at Carmel High School". The Complaint also alleges that the he acted with deliberate indifference, willfully and wantonly, and that his actions were not carried out in good faith. Wahl's actions as Superintendent, as alleged in the pending Complaint, include many administrative responsibilities which are separate and distinct from the formulation of policies, as this rests with the school corporation by law. *See Harless by Harless v. Darr*, 937 F. Supp. 1339, 1349 (S.D. Ind. 1996), noting a school board, not the Superintendent, has final policy making authority under Indiana law, only the latter of which is entitled to tort immunity. If state entities such as a school corporation are only liable for their own decisions and policies, and not vicariously liable for the constitutional torts of their agents, then including both Superintendent Nicholas Wahl and the school corporation in this action is not merely duplicative and Defendant's Motion to Dismiss should be denied.

As alleged in the Complaint, one or more of the Defendants decided (by policy or individual decisions and action) to go far beyond basic due process of confronting Patrick McCalley with alleged misconduct and giving him an opportunity to admit or deny the charge of misconduct. Someone or some entity decided he should write and sign an affidavit stating that he committed a crime without any access to parents or legal representation; someone or some entity decided to confiscate his personal telephone without permission from his parents; someone decided he should be isolated and told he would be expelled or suspended; someone or some entity was deliberately indifferent to Patrick's safety, care, constitutional rights, and his

ultimately his life.  Whether the Defendants' actions were done pursuant to a policy formulated

by the school corporation or by done through actions of individuals without a policy basis is not

yet known.  But the Complaint alleges sufficient facts for Nicholas Wahl to be included in the

action as the Superintendent for the school system for his actions and inactions, separate from

school board policy and the motion to dismiss should be denied.

Neither the Carmel Clay School Corporation "nor the individual school officials are

protected under the Indiana Tort Claims Act if it is alleged and proven that they acted in a way

that is (1) criminal; (2) clearly outside the scope of the employee's employment; (3) malicious;

(4) willful and wanton; or (5) calculated to benefit the employee personally. Indiana Code § 34–

13–3–5(c)." *J.H. v. Sch. Town of Munster*, 160 F. Supp. 3d 1079, 1095 (N.D. Ind. 2016).

Plaintiffs' Complaint alleges that each of the Defendants' actions were "intentional and in

reckless disregard of their duties and obligations to Patrick and that their actions were willful and

wanton. The allegations are sufficient to state a cause of action against Defendant Wahl.[1]

Further, Section 1983 creates a cause of action based on personal liability when an

individual defendant:

> caused or participated in a constitutional deprivation…However, an official satisfies the
> personal responsibility requirement...if the conduct causing the constitutional deprivation
> occurs at [his or her] direction or with [his or her] knowledge and consent.' *Smith v.
> Rowe*, 761 F.2d 360, 369 (7th Cir. 1985) (quoting *Crowder v. Lash*, 687 F.2d 996, 1005
> (7th Cir. 1982). That is, the defendants "must know about the conduct and facilitate it,
> approve it, condone it, or turn a blind eye for fear of what they might see." *Jones v. City
> of Chicago*, 856 F.2d 985, 992–93 (7th Cir. 1988) (internal citations omitted). "They
> must in other words act either knowingly or with deliberate, reckless indifference."

---

[1] In a tort action for personal injury filed against Carmel Clay School Corporation, Nicholas Wahl in his official capacity as Superintendent, and a teacher for negligence and recklessness, the same counsel herein appeared for Wahl in that action.  Wahl, by his attorneys, filed an Answer 2 days before this case was filed. Rule 12(b)(6) was not raised by motion or affirmative defense in that action, attached as Exhibit A; that tort case remains against both the school corporation and Wahl as Superintendent in his official capacity.

*Comsys, Inc. v. City of Kenosha Wisconsin*, 223 F. Supp. 3d 792, 806 (E.D. Wis. 2016), *citations omitted*.

A school corporation can also be found liable under Section 1983 if it can be shown that: "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Teesdale v. City of Chicago*, 690 F.3d 829, 834 (7th Cir.2012). In this case it is not yet know whether there was a widespread practice of treating students in the manner Patrick was treated or if the constitutional injuries he suffered was caused by a final policymaker, but the Complaint allegations are sufficient under 12(b)(6) to state a viable cause of action against all Defendants. Plaintiffs respectfully request Defendant's Motion to Dismiss be denied.

Date:   December 20, 2018                Respectfully submitted,

FLYNN & SULLIVAN, PC

/s/ *Sheila M. Sullivan*
Sheila M. Sullivan, Atty No. 14551-49
Attorney for Plaintiffs
8910 Wesleyan Road, Suite C
Indianapolis, IN 46268
Tel: 317-660-4770

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that, on this 20th day of December, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by electronically by operation of the Court's CM/ECF system.

Paul T. Belch                                   Liberty L. Roberts
Travelers Staff Counsel of Indiana              Church Church Hittle & Antrim
pbelch@travelers.com                            lroberts@cchalaw.com

                                     /s/ *Sheila M. Sullivan*_____
                                     Sheila M. Sullivan

FLYNN & SULLIVAN, P.C.
8910 Wesleyan Road, Suite C
Indianapolis, IN 46268
Telephone: 317-660-4770
Facsimile: 317-660-4765
Email:  sheila@fstrial.com