| | | |
|---|---|---|
| STATE OF INDIANA        ) | | IN THE HAMILTON CIRCUIT COURT |
|                         )SS: | | |
| COUNTY OF HAMILTON  ) | | CAUSE NO.: 29C01-1808-CT-7914 |

CHRISTIAN TURNER,                    )
                                     )
      Plaintiff,                     )
                                     )
v.                                   )
                                     )
CARMEL CLAY SCHOOL CORP.,            )
CARMEL HIGH SCHOOL,                  )
NICHOLAS WAHL, and                   )
ZACHARY BONEWIT,                     )
                                     )
      Defendants.                    )

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

Come now the Defendants, Carmel Clay School Corp., Carmel High School, Nicholas Wahl and Zachary Bonewit, by counsel, for their Answer to Plaintiff's Complaint for Damages hereby respond as follows:

1.    Defendants admit that at all relevant times herein Plaintiff Christian Turner (hereinafter, "Christian") was a resident of Carmel, Hamilton County, Indiana.

2.    Defendants admit that at all relevant times herein Carmel Clay School Corporation was a legal entity organized under the laws of the State of Indiana to provide public school education in the City of Carmel in Hamilton County, Indiana.

3.    Defendants admit that at all relevant times herein Carmel High School was a public school providing public school education in the City of Carmel in Hamilton County, Indiana.

4.    Defendants admit that at all relevant times herein Nicholas Wahl was the Superintendent of Carmel Clay School Corporation with his duties consistent with his job description.

5. Defendants admit that at all relevant times herein Zachary Bonewit was a teacher at Carmel High School with his duties consistent with his job description.

6. Defendants admit that on or about March 27, 2018, a tort claim notice was received via certified mail from Plaintiff.

## COUNT I
## NEGLIGENCE/RECKLESSNESS

Come now the Defendants, by counsel, and do hereby respond to Count I of Plaintiff's Complaint for Damages and do hereby respond as follows:

7. Defendants incorporate by reference the answers to rhetorical paragraphs 1-6 above, including sub-parts, as paragraph seven (7) of Count I of this Answer.

8. Defendants admit that on or about February 6, 2018, Plaintiff was an 18-year-old student at Carmel High School and was enrolled, among other classes, Zachary Bonewit's first period shop class.

9. Defendants admit that on or about February 6, 2018, Plaintiff was required to operate a band saw as part of the curriculum in his first period shop class.

10. Defendants deny that on that same date and time, the band saw in which Plaintiff was operating, malfunctioned causing Christian to severely lacerate, nearly severing his right index finger.

11. Defendants deny that on or about February 6, 2018, that Nicholas Wahl and Zachary Bonewit, acting in their official capacity as agents of Carmel High Schools and the Carmel Clay School Corporation, as well as other employees and/agents of Carmel High School and Carmel Clay School Corporation knew, or should have known, that the band saw in Zachary Bonewit's shop class was negligently installed and/or maintained. Furthermore Defendants specifically deny that the band saw was negligently installed and/or maintained.

12. Defendants deny that on or about February 6, 2018, Nicholas Wahl and Zachary Bonewit, acting in their official capacity as agents of Carmel High School and the Carmel Clay School Corporation, as well as other employees and agents of Carmel High School and Carmel Clay School Corporation knew, or should have known, that the negligently installed and/or maintained band saw presented a highly dangerous condition for students such as Christian.

13. Defendants admit that on or about February 6, 2018, the Defendants, collectively and/or individually, owed a duty to students, including, but not limited to, Christian, to use due care for the protection and safety of their students. The Defendants deny breaching that duty to Christian in one or more of the following respects:

    A.    Defendants, collectively and/or individually, allowed the improper and/or negligent installation of the band saw;

    B.    Defendants, collectively and/or individually, failed to maintain the band saw in its proper working condition;

    C.    Defendants, collectively and/or individually, failed to equip the band saw with the required and/or proper safety equipment;

    D.    Defendants, collectively and/or individually, failed to adequately supervise students, including, but not limited to, Plaintiff, when operating dangerous equipment, like a band saw;

    E.    Defendants, collectively and/or individually, failed to properly instruct students, including, but not limited to, Plaintiff, in the proper use of a band saw; and

    F.    Defendants, collectively and/or individually, allowed the band saw to exist in a highly dangerous condition.

14. Defendants deny that as a direct and proximate result of the Defendants' negligence, carelessness, recklessness, and deliberate indifference to Plaintiff's safety, Plaintiff severely lacerated, nearly severing, his right index finger.

15. Defendants deny as a direct and proximate result of the malfunctioning band saw occasioned by the Defendants' negligence, carelessness, recklessness, and deliberate indifference to his safety, Christian sustained permanent and severe personal injuries; incurred and will incur hospital, diagnostic, surgical, therapeutic, pharmaceutical, and other medical expenses; suffered and will continue to suffer physical pain, mental suffering, terror, fright, humiliation, and loss of enjoyment of life; loss of future earning capacity; and incurred other injuries and damages of a personal and pecuniary nature.

## AFFIRMATIVE DEFENSES

Come now the Defendants, Carmel Clay School Corporation, Carmel High School, Nicholas Wahl and Zachary Bonewit, by counsel, for their Affirmative Defenses to Plaintiff's Complaint for Damages allege and say:

1. Plaintiff has unreasonably failed to mitigate his damages.

2. Defendants are entitled to all of the privileges and immunities afforded to them by the Indiana Torts Claim Act, including, but not limited to, the failure to comply with the notice and/or time provisions of I.C. 34-13-3-1 *et seq*.

3. Plaintiff's claims are barred under the defense of contributory negligence.

4. To the extent that any payments have been made to the Plaintiff or on Plaintiff's behalf for the injuries and/or damages alleged in this litigation, such payments must be set off against damages ordered herein, if any.

5. Defendants' alleged actions or omissions did not proximately cause Plaintiff's injuries and/or damages.

6. Plaintiff incurred the risk, assumed the risk, or failed to avoid damages/injury.

7. All pleading allegations not otherwise addressed are hereby specifically denied.

8. Defendants hereby reserve any and all rights they may have to raise additional affirmative defenses that may develop during the course of discovery in this litigation.

## REQUEST FOR JURY TRIAL

Come now the Defendants, Carmel Clay School Corporation, Carmel High School, Nicholas Wahl and Zachary Bonewit, by counsel, respectfully request the Court set this matter for trial by jury for all issues in this cause.

Respectfully Submitted,

CHURCH CHURCH HITTLE + ANTRIM

By: **/s/ Samuel R. Robinson, #22521-49**
Samuel R. Robinson, #22521-49
Attorney for Defendants

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the above has been served on the following via electronic filing, this 2nd day of October, 2018, addressed as follows:

Charles P. Dargo, Esq.
LAW OFFICES OF CHARLES P. DARGO, P.C.
Island Grove Building
9151 N. 1200 W.
Demotte, IN  46310

/s/ Samuel R. Robinson, #22521-49
Samuel R. Robinson, #22521-49

*Samuel R. Robinson*
*Atty. No. 22521-49*
*CHURCH CHURCH HITTLE + ANTRIM*
*Two North Ninth Street*
*Noblesville, IN  46060*
*317-773-2190*