UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

Christopher McCalley and Marilyn McCalley
Individually and as Parents of Patrick
McCalley, Deceased;

        Plaintiffs,

v.

Carmel Clay School Corporation, doing
business through the Board of School Trustees
of the Carmel Clay Schools, Carmel High
School, City of Carmel, Toby Steele, Nicholas
Wahl, and Carmel Police Officer Phil Hobson,

        Defendants.

Case No: 1:18-cv-03368-RLY-MPB

**REPLY BRIEF IN SUPPORT OF**
**MOTION TO DISMISS CLAIMS AGAINST NICHOLAS WAHL**

    The only allegation against Nicholas Wahl is that he was the superintendent of Carmel Clay Schools. There is no allegation that Dr. Wahl was involved in the events identified in the Complaint, and no individual capacity claim has been asserted. The distinction between an official-capacity claim (which is asserted) and an individual-capacity claim (which is not asserted) is relevant when considering the pending motion.

    An individual-capacity claim seeks to impose personal liability upon a government official for actions he takes under color of law. See *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). To state a personal capacity claim in a § 1983 action, plaintiffs must allege that the official, acting under color of state law, caused the deprivation of a federal right. See *Id*. at 166. "[A]n award of damages against an official in his personal capacity can be executed only against the official's personal assets." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). "Should the official die pending final resolution of a personal-capacity action, the plaintiff would have to pursue his action against

1

the decedent's estate," not the governmental entity. See *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

An official-capacity claim seeks to impose liability upon "an entity of which an officer is an agent." *Id*. "[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent—at least where Eleventh Amendment considerations do not control [the] analysis." *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55 (1978). An award of damages in an official-capacity suit must be executed against the governmental entity itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). In an official-capacity claim, if the named official dies or is replaced, the named official will result in substitution of the official's successor in office. *See Kentucky v. Graham*, 473 U.S. at 166; See also FED. R. CIV. PRO. 25(d).

Here, the Complaint asserts only an official capacity claim against Wahl. *See Complaint ¶ 8*. There is no assertion that Wahl engaged in any conduct that caused the deprivation of a federal right or an injury under state law. There is no factual basis to support pursuing a claim against Wahl or his personal assets. The Plaintiffs have only sought to pursue an official capacity claim against Wahl, which if successful would result in a judgment executed against the School, not against Wahl personally. The official capacity claim is duplicative of the claim against Carmel Clay Schools and would not result in any additional relief or recovery for Plaintiffs.[1]

Plaintiffs correctly note that the Complaint alleges that Wahl, as the Superintendent, had responsibility for the administration of student safety, hiring teachers, training and oversight of all staff and school operation at Carmel High School, and other "administrative responsibilities which are separate and distinct from the formulation of policies." *See Pltfs Brief, p. 2*. Plaintiffs argue

---

[1] Dismissal of a duplicative claim is more than a request to clean up the caption of a complaint. Duplicative claims increase the amount of written discovery, briefing of dispositive motions, pre-trial motions, and jury instructions. They result in unnecessary investment of time and money.

that because of the differing roles of the Superintendent and the School, the official capacity claim is not duplicative. However, there is no allegation that Wahl failed to take action regarding training or oversight. To the contrary, the Complaint alleges that the individuals involved in the incident *had been provided "training* and information about teen suicide and knew or should have known of the prevalence of suicide in teenagers who are in the state of emotional distress…." *See Complaint ¶ 31.* The Complaint alleges that the individuals involved in the incident acted contrary to their training and in violation of school policies. *See Complaint ¶ 31 & 49*. As such, the Complaint alleges facts that affirmatively show that Wahl did not fail to provide training or oversight in the relevant areas.[2] Thus, even if Wahl had responsibility for training and oversight, there is no allegation that he failed to provide that training or oversight. Again, there is no individual capacity claim alleged (or that can be supported by the allegations in the Complaint). As such, the claim is duplicative.

Plaintiffs argue that because they have asserted state law claims, in addition to federal claims, Wahl should remain as a Defendant and his Motion to Dismiss should be denied. *See Pltfs Brief, p. 3*. Plaintiffs note that the Indiana Tort Claims Act allows claims against school employees who have engaged in conduct that is criminal, clearly outside the scope of the employee's employment, malicious, willful and wanton, or calculated to benefit the employee personally. That is an accurate statement of the law, but it does not save the Plaintiffs' claims against Wahl.

The Complaint does not allege that Wahl engaged in conduct that was criminal, clearly outside the scope of his employment, malicious, willful and wanton, or calculated to benefit Wahl personally. Even though state law may permit claims against school employees in certain circumstances, those circumstances do not apply here.

---

[2] By way of example, the Complaint alleges that Wahl was responsible for "teacher hiring," but the allegations in the Complaint do not relate to teacher hiring. As such, that responsibility is not relevant to this case.

3

"Where a complaint alleges no specific act or conduct on the part of the defendant…the [claim] is properly dismissed." See *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974). The Complaint does not allege that Wahl engaged in any act or omission that injured the Plaintiffs. Plaintiffs' Complaint contains no factual assertion that would allow the Court or a jury to draw the reasonable inference that Nicholas Wahl is liable for any misconduct alleged. There is no allegation of any specific act by Wahl that caused any alleged injury. Additionally, there is no individual capacity claim against Wahl, just an official capacity claim duplicative of the claim against the School. As such, Plaintiffs have failed to state a claim upon which relief can be granted against Nicholas Wahl. Wahl's Motion should be granted and Wahl (and therein the official capacity claim against the Superintendent of Carmel Clay Schools[3]) should be dismissed as a Defendant pursuant to Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim upon which relief can be granted.

Respectfully Submitted,

*Liberty L. Roberts*
Liberty L. Roberts, Atty. No. 23107-49
Attorney for Defendants Carmel Clay School Corporation, Carmel High School, Toby Steele and Nicholas Wahl
CHURCH CHURCH HITTLE + ANTRIM
10765 Lantern Road, Suite 201
Fishers, IN 46038

---

[3] If the official capacity claim survives this Motion to Dismiss, the current Superintendent will need to be substituted for Wahl by operation of Ruel 25(d).

## CERTIFICATE OF SERVICE

I certify that on this 27th day of December 2018, a true and exact copy of the foregoing was filed electronically via the Court's Electronic filing system. Notice of this filing was sent to the following persons by operation of the Court's Electronic filing system.

| | |
|---|---|
| Sheila M. Sullivan, Atty. No. 14551-49<br>FLYNN & SULLIVAN, PC<br>8910 Wesleyan Road, Suite C<br>Indianapolis, IN 46268<br>T: 317-660-4770<br>Email: sheila@fstrial.com<br>*Attorney for Plaintiffs* | Paul T. Belch, Atty. No. 18533-49<br>Travelers Staff Counsel Indiana<br>P.O. Box 64093<br>St. Paul, MN 55164-0093<br>T: 317-818-5111/ F: 317-818-5124<br>Email: pbelch@travelers.com<br>*Attorney for Defendants City of Carmel and Carmel Police Officer Phil Hobson* |

             __*Liberty L. Roberts*__
             Liberty L. Roberts

CHURCH CHURCH HITTLE + ANTRIM
10765 Lantern Road, Suite 201
Fishers, IN 46038
T: (317)773-2190 / F: (317)572-1609
Email: LRoberts@cchalaw.com