UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

Christopher McCalley and Marilyn McCalley
Individually and as Parents of Patrick
McCalley, Deceased;

          Plaintiffs,                 Case No:  1:18-cv-03368-RLY-MPB

v.

Carmel Clay School Corporation, doing
business through the Board of School Trustees
of the Carmel Clay Schools, Carmel High
School, City of Carmel, Toby Steele, Nicholas
Wahl, and Carmel Police Officer Phil Hobson,

          Defendants.

---

**ORDER ON CASE MANAGEMENT PLAN**

I.    **<u>Parties and Representatives</u>**

    A.    **Plaintiffs**:
        Christopher and Marilyn McCalley, individually and as Parents of Patrick
        McCalley, Deceased

        **Defendants**:
        Carmel Clay School Corporation, doing business through the Board of School
        Trustees of the Carmel Clay Schools
        Carmel High School
        City of Carmel
        Toby Steele, in his individual and official capacity
        Nicholas Wahl, in his official capacity
        Carmel Police Officer Phil Hobson, in his official capacity

    B.    <u>Attorney for Plaintiffs</u>
        Sheila M. Sullivan, Atty. No. 14551-49
        FLYNN & SULLIVAN, P.C.
        8910 Wesleyan Road, Suite C
        Indianapolis, IN 46268
        Phone: 317-660-4770
        Fax: 317-660-4765
        sheila@fstrial.com

Attorneys for Defendants Carmel Clay School Corporation, Carmel High School, Toby Steele, and Nicolas Wahl:
Liberty L. Roberts, Atty. No. 23107-49
Church Church Hittle + Antrim
10765 Lantern Road, Suite 201
Fishers, IN 46038
Phone: 317-773-2190
Fax: 317-572-1609
LRoberts@cchalaw.com


Attorneys for Defendants City of Carmel and Carmel Police Officer Phil Hobson:
Paul T. Belch, Atty. No. 18533-49
Travelers Staff Counsel Indiana
Physical Address:
280 East 96th Street, Suite 325
Indianapolis, IN 46240
Mailing Address:
P.O. Box 64093
St. Paul, MN 55164-0093
Phone: 317-818-5111
Fax: 317-818-5124
pbelch@travelers.com

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II.   Jurisdiction and Statement of Claims

A.   This case was originally filed in Hamilton County Superior Court, but was re-docketed in this Court by removal in accordance with 28 U.S.C. § 1441 and 28 U.S.C. § 1332(a)(1). This Court has federal question jurisdiction pursuant to 28 U.S.C.A § 1331 because the matter in controversy arises under the laws of the United States, specifically 42 U.S.C.A. § 1983 and the United States Constitution. This Court has supplemental jurisdiction over Plaintiffs' state law claims under 29 U.S.C. § 1367 because those claims arise out of the same case or controversy as Plaintiffs' federal claims. Additionally, venue is proper because the events at issue occurred in the Indianapolis Division of the Southern District of Indiana.

B.   Plaintiffs brought this action under The Indiana Child Wrongful Death Act, Ind. Code § 34-23-2-1, the Indiana Tort Claims Act, Ind. Code § 34-13-3, and 42 U.S.C. §1983, and under federal and state common law, for the death of Patrick McCalley, directly and proximately resulting from the conduct of the Defendants. On October 6, 2016, Patrick McCalley, a minor, enrolled in Carmel High School, committed suicide after being subjected to the actions of the Defendants including vice principal Toby Steele and school resource officer Phil Hobson.  Patrick was questioned about two racially inappropriate Snapchats he previously sent, which

2

Patrick admitted, and then Patrick was isolated and remained in the custodial interrogation.  Defendant Steele and/or Officer Hobson went in and out of the room to confer and to psychologically intimidate, coerce and shame Patrick to go further than admitting he sent two inappropriate Snapchats and ultimately was coerced by Defendants, collectively and/or individually, to write out a statement, in words or context that was directed by Defendants, under the penalties of perjury, stating that he had committed unlawful acts of repeated bullying and/or harassment.  Defendants did not follow established policies and procedures for student discipline and violated the law in their tactics with Patrick. Defendants violated Patrick McCalley's procedural due process rights. Defendants violated Patrick's substantive due process rights and created the danger of Patrick taking his own life and Defendants conduct of creating the emotional trauma to Patrick was in violation of and deliberate indifference to Patrick's substantive due process rights.  It was a custodial interrogation and there was no threat of imminent danger to the school from Patrick's behavior. Patrick he should have been provided a warning against making self-incriminating statements such as the one he was asked to give by the school or had access to counsel or a custodial parent before doing so. Defendants actions were intentional and were taken for the purpose of causing severe emotional and psychological trauma to Patrick in violation of and in deliberate indifference to Patrick's procedural due process rights and his Fifth Amendment right to be protected from self-incrimination without an opportunity for counsel. Defendants had training and information about teen suicide and knew or should have known of the prevalence of suicide in teenagers who are in the state of emotional distress that Patrick was placed by Defendants' actions during the hours Patrick was in custody. Patrick showed outward signs of his extreme distress and emotionally traumatic state when he was escorted out of school and told to leave the property.  Despite Patrick's lack of a disciplinary history and his outstanding performance in school, and the actions he had been subject to at the hand of Defendants, Defendants took no precautions to prevent and consciously disregarded the likely result of Patrick's suicide. Defendants walked Patrick out of the school and enabled him to drive away and commit suicide. Within minutes of leaving the school, Patrick inflicted a fatal gunshot wound to himself.  Patrick's father, Christopher McCalley arrived at the home shortly after Patrick but was too late to prevent Patrick from shooting himself out of the despair caused by Defendants' actions.  Christopher McCalley attempted to stop Patrick's bleeding and called for emergency help.  Christopher and Marilyn McCalley, Patrick's mother, remained by Patrick's side until his death later that evening. The school had a common law duty to exercise ordinary and reasonable care for Patrick's safety and breached that duty proximately resulting in Patrick's suicide. Patrick's death was the proximate result of the negligence of the Defendants for failing to properly supervise and monitor him as their student, while he was in their custody during school hours.  Defendants are not immune from liability under the Indiana Tort Claims Act (ITCA). Defendants' extreme and outrageous conduct intentionally or recklessly disregarded the probability that the conduct described would cause Patrick to suffer extreme emotional distress and commit suicide. Defendants conduct in

holding Patrick in isolation without access to any support or given any Miranda warnings and then confiscating his phone with unrestricted access to its contents, constituted unreasonable conditions of search and seizure and/or detention in violation of the Fourth Amendment rights and guarantees of Patrick. Defendants actions which intentionally or recklessly inflicted severe emotional distress on Patrick and on his parents, Christopher and Marilyn, are compensable as an independent tort.

C. Defendants City of Carmel and Carmel Police Officer Phil Hobson state that Officer Phil Hobson was a school resource officer at Carmel High School on October 6, 2016 but Officer Hobson had no communication or interaction with Patrick McCalley on that day concerning an incident in which Patrick McCalley sent racially inappropriate texts to other students ("the incident"). Officer Hobson had no communication or interaction with Assistant Principal Toby Steele or any other employee of Carmel High School or any involvement with respect to the alleged confining of Patrick McCalley, the questioning of Patrick McCalley about the incident, the circumstances under which Patrick McCalley is alleged to have given a statement about the incident, and/or any discipline that Carmel High School considered with respect to the incident. Officer Hobson had no knowledge of any actions taken by Carmel High School officials with respect to Patrick McCalley on October 6, 2016. Defendants City of Carmel and Carmel Police Officer Phil Hobson deny all liability with respect to Plaintiffs' federal and state law claims as Officer Hobson had no personal involvement in the investigation of the incident. Further, the Plaintiffs have failed to serve the Defendants City of Carmel and Carmel Police Officer Phil Hobson with a notice of tort claim pursuant to Ind. Code §34-13-3.

D. Defendants Carmel Clay School Corporation, Carmel High School, Toby Steele, and Nicolas Wahl state that the School properly investigated a complaint that Patrick was making racially insensitive comments about and to other students, and was creating and sharing photos with racially insensitive captions on Snapchat, specifically targeting another student. Following the investigation and after speaking with Mr. McCalley, Patrick was allowed to drive home as Mr. McCalley requested. Patrick was not unlawfully confined or questioned. The School's investigation of the complaint was proper and reasonable. The allegations in the Complaint are not supported by any evidence.

## III. <u>Pretrial Pleadings and Disclosures</u>

A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **March 1, 2019**.

B. Plaintiffs shall file preliminary witness and exhibit lists on or before **March 8, 2019**.

C.     Defendants shall file preliminary witness and exhibit lists on or before **March 15, 2019**.

D.     All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **April 1, 2019**.

E.     Plaintiffs shall serve Defendants (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **April 1, 2019**.  Defendants shall serve on the Plaintiffs (but not file with the Court) a response thereto by **May 1, 2019** after receipt of the proposal.

F.     Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiffs shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **November 1, 2019**.  Defendants shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **December 1, 2019**.

G.     Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than **90 days** prior to the dispositive motion deadline.  If such expert disclosures are served the parties shall confer within **7 days** to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines.  Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H.     Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **February 2, 2020**.  Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I.     All parties shall file and serve their final witness and exhibit lists on or before **January 1, 2020**.  This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony.

J.     Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.     <u>Discovery of electronically stored information ("ESI")</u>.  The parties do not believe that there is a substantial amount of ESI in this case.

1.    <u>Nature of Production of ESI.</u>  Absent any objection, electronic discovery shall be produced to the requesting party in PDF format. If a party requests documents that are stored in an electronic format, the disclosing party may provide the requesting party printed copies of the documents or may provide the requesting party copies of the documents on CD or DVD, by e-mail, or by other electronic means.  If the receiving party determines in good faith that a disclosure of a document in a printed format does not adequately allow the party to review the document, the receiving party may request that an electronic copy be provided to it in its native format. If a requesting party requests the examination of any hard drives, servers, computers, voicemail systems, or other electronic devices or components, such disclosure shall be made in a commercially reasonable manner, absent any objection from the producing party.

2.    <u>Cost and Burden of Producing Electronic Discovery.</u> Unless the party with the burden of bearing the costs as specified below demonstrates to the Court that the cost is overly burdensome, the following presumptions apply: (1) To the extent that the parties request files or copies of documents, the parties agree that such requests shall be provided to the other party in the normal and traditional course of discovery; (2) To the extent that a party requests to examine a hard drive, server, computer, voice mail system, or other electronic device or component, the party making the request shall bear the cost of the examination and, absent any objection, may examine the device or component at a mutually agreeable time and in a commercially reasonable manner.

3.    <u>Unintentional Disclosure of Privileged Documents.</u>  In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned.  In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned document on a privilege log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

4.    <u>Preservation of Data.</u> Throughout the course of this matter, the parties will make every effort to preserve all electronic data relevant to either party's claims or defenses to the extent reasonably possible.

5.     <u>Additional Issues.</u> At this time, the parties do not know of any additional electronic discovery issues that may arise in this matter. If additional issues arise not governed by this Plan, the parties agree to work in good faith to resolve the matter before bringing the issue to the Court's attention. The parties shall comply with Local Rule 37.1 regarding issues associated with the discovery and production of ESI.  The scope of discovery or the format of the production of ESI may be further limited or modified by Court order upon a showing of good cause or undue burden and expense. Further, depending upon the nature of the data produced, a protective order may be appropriate, as the Court may approve and/or the parties may agree.

## IV.   <u>Discovery[1] and Dispositive Motions</u>

A.     Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?

Yes, Defendants anticipate filing a motion for summary judgment. Defendant anticipates the undisputed facts established in discovery will show that the actions taken by the Defendants do not amount to a deprivation of Patrick McCalley's right to equal protection or due process. The procedures employed in the investigation of a school incident were lawful and constitutional.

B.     On or before **<u>September 8, 2019</u>**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C.      ___X___ **Track 2:** Dispositive motions are expected and shall be filed by **<u>October 1, 2019</u>**; non-expert witness discovery and discovery relating to liability issues shall be completed by **<u>September 1, 2019</u>**; expert witness discovery and discovery relating to damages shall be completed by **<u>February 1, 2020</u>**. All remaining discovery shall be completed by no later than **<u>March 1, 2020</u>**.

<u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

---

[1]  The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline.  Counsel may not serve discovery requests within the **30-day** period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same.  In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

V.      **Pre-Trial/Settlement Conferences**

The parties recommend a settlement conference in **August 2019**.

VI.     **Trial Date**

The parties request a trial date in **June 2020**.  The trial is by jury and is anticipated to take **three days**.

VII.    **Referral to Magistrate Judge**

A.      **Case**.  At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

B.      **Motions**.  The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand.  If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

VIII.   **Required Pre-Trial Preparation**

A.      **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.      File a list of trial witnesses, by name, who are actually expected to be called to testify at trial.  This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2.      Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial.  Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation.  Make the original exhibits available for inspection by opposing counsel.  Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3.      Submit all stipulations of facts in writing to the Court.  Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4.      A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

a.  brief written summaries of the relevant facts in the depositions that will be offered.  (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

b.  if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5.  Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6.  Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

**B.   ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.  Notify opposing counsel in writing of any objections to the proposed exhibits.  If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2.  If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing.  Any objections shall be made in the same manner as for proposed exhibits.  However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3.  File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4.  Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX.    <u>Other Matters</u>

None.

Respectfully Submitted,

*/s/ Sheila M. Sullivan*  (with permission)
Sheila M. Sullivan, Atty. No. 14551-49
FLYNN & SULLIVAN, PC
8910 Wesleyan Road, Suite C
Indianapolis, IN 46268
*Attorney for Plaintiffs*


*/s/ Liberty L. Roberts*
Liberty L. Roberts, Atty. No. 23107-49
CHURCH CHURCH HITTLE + ANTRIM
10765 Lantern Road, Suite 201
Fishers, IN 46038
*Attorney for Defendants Carmel Clay School
Corporation, Carmel High School, Toby Steele and
Nicholas Wahl*

*/s/ Paul T. Belch* (with permission)
Paul T. Belch, Atty. No. 18533-49
Travelers Staff Counsel Indiana
P.O. Box 64093
St. Paul, MN 55164-0093
*Attorney for Defendants City of Carmel and
Carmel Police Officer Phil Hobson*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| X | PARTIES APPEARED BY COUNSEL ON **JANUARY 28, 2019** FOR A PRETRIAL CONFERENCE. |
| X | APPROVED AS SUBMITTED. |
| | APPROVED AS AMENDED. |
| | APPROVED AS AMENDED PER SEPARATE ORDER. |
| | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| X | DISCOVERY DEADLINE SHALL BE **SEPTEMBER 1, 2019**. |
| | THIS MATTER IS SET FOR TRIAL BY_____ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____AT____.M., ROOM__. |
| X | A TELEPHONIC STATUS CONFERENCE IS SET IN THIS CASE FOR **JUNE 3, 2019 AT 11:30 A.M. (EST).  The information needed by counsel to participate in this telephonic conference will be provided by a separate notification.** |

| | |
|---|---|
| X | A SETTLEMENT CONFERENCE IS SET IN THIS CASE FOR **JULY 10, 2019 AT 9:00 A.M. (EST).** COUNSEL SHALL APPEAR:<br><br>_____X_____ IN PERSON IN ROOM **316 (See attachment for particulars, including description of which client(s) must attend.**); OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR \_\_\_\_ INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (\_\_\_\_) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (\_\_\_\_) _____; |
| X | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN **OCTOBER 1, 2019**. |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

**Approved and So Ordered.**

Dated: January 28, 2019

_____
Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana

**Served electronically on all ECF-registered counsel of record.**

12

## SETTLEMENT CONFERENCES BEFORE
## U.S. MAGISTRATE JUDGE MATTHEW P. BROOKMAN

**This matter is set for a settlement conference in Room 316, of the United States Courthouse, Indianapolis, Indiana before Magistrate Judge Matthew P. Brookman.** Unless excused by order of the court, clients or client representatives with complete authority to negotiate and consummate a settlement shall attend the settlement conference, **in person,** along with their counsel. With respect to corporate, governmental, and other organizational entities, an authorized client representative with authority to negotiate and communicate a settlement must appear in-person at the settlement conference along with their counsel. Any insurance company that is a party, or is contractually required to defend or indemnify any party, in whole or in part, must have a fully authorized settlement representative present at the conference. Such representative must have final settlement authority to commit the company to pay, **in the representative's own discretion,** an amount within the policy limits, or up to the plaintiff's last demand, whichever is lower. Counsel are responsible for timely advising any involved non-party insurance company of the requirements of this order. The purpose of this requirement is to have in attendance a representative who has both the authority to exercise his or her own discretion, and the realistic freedom to exercise such discretion without negative consequences, in order to settle the case during the settlement conference without consulting someone else who is not present. Under no circumstances will counsel of record be deemed to be the proper client representative for settlement purposes. **All persons entering the United States Courthouse must have photo identification.**

Client representatives for all parties must have final settlement authority without consulting someone else who is not present. This means that parties should not need or expect to contact others, who are not present at the conference, to discuss or modify settlement authority. If such a person exists who would need to be consulted, that party must be present at the settlement conference. The Court recognizes that for some corporate and governmental entities, and a limited number of other organizational entities with multi-layered approval procedures, additional approvals may be required to formally approve a settlement. However, parties and their counsel in these limited situations must exercise all possible good faith efforts to ensure that the representative(s) present at the settlement conference provides the maximum feasible authority

and the best possible opportunity to resolve the case.  No other persons are permitted to attend the settlement conference without leave of Court.

**Three business days before the scheduled conference, the parties shall submit (not file) to the Magistrate Judge a confidential settlement statement** setting forth a brief statement of: (1) relevant facts, including any key facts that the party believes are admitted or in dispute; (2) damages, including any applicable back pay, mitigation, compensatory and/or punitive damages, or any other special damages; and (3) any pending or anticipated dispositive or other substantive motions.  **The confidential settlement statement should not exceed five, double-spaced pages, and submission of exhibits should be kept to a minimum.**

**No later than fourteen days prior to the settlement conference, Plaintiff(s) shall serve an updated settlement demand on Defendant(s), who shall serve an updated response no later than seven days before the settlement conference.  The parties shall submit (not file) to the Magistrate Judge courtesy copies of their respective demand and response at the time of service.**  Counsel may submit confidential settlement statements and copies of their settlement demand/response to Chambers via mail or email (mpb_settlement@insd.uscourts.gov).

A request to vacate or continue the settlement conference or otherwise depart from this order shall be done by motion filed with the Court **two weeks** prior to the conference, except in exigent circumstances.  Such motion will be granted only for good cause.  Failure to comply with any of the provisions in this order may result in sanctions.

**You are reminded of your obligation under Local Rule 16.1(c) which states:  "Prior to all court conferences, counsel shall confer to prepare for the conference."**