UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MCCALLEY Individually and as Parents of Patrick McCalley, MARILYN MCCALLEY Individually and as Parents of Patrick McCalley, PATRICK MCCALLEY Deceased, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:18-cv-03368-RLY-MPB |
| CARMEL CLAY SCHOOL CORPORATION doing business through the Board of School Trustees of the Carmel Clay Schools, CARMEL HIGH SCHOOL, CITY OF CARMEL, TOBY STEELE, NICHOLAS WAHL, PHIL HOBSON Carmel Police Officer, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ENTRY ON DEFENDANT WAHL'S MOTION TO DISMISS**

On October 6, 2016, seventeen-year-old Patrick McCalley died from a self-inflicted gunshot wound within minutes of leaving high school. His parents sued both the school corporation and its officials claiming their disciplinary actions taken hours before Patrick's death violated both his rights under the Constitution and Indiana law. Defendant Nicholas Wahl now moves to dismiss the complaint against him. For the reasons stated below, the court **GRANTS** Wahl's motion.

1

Taking the allegations in the Complaint in the light most favorable to Plaintiffs, *see Sevugan v. Direct Energy Services, LLC*, 931 F.3d 610, 612 (7th Cir. 2019), the court provides only what is necessary to resolve the present motion.

In 2016, Patrick was a junior at Carmel High School. ("CHS") (Filing No. 1-1, Complaint ¶ 12). On October 6, 2016, Toby Steele, the principal of CHS, ordered Patrick to come to his office to discuss two racially charged social media messages Patrick sent to another student the week before. (*Id.* ¶¶ 15, 20). While in Steele's office, Patrick was not free to leave and was repeatedly questioned by Steele and Officer Phil Hobson, a school resource officer at CHS. (*Id.* ¶¶ 9, 16 – 19). Even though Patrick admitted that he sent the messages and apologized to the other student, Steele ordered Patrick to remain in the office alone while Steele continued to "investigate" the wrongdoings. (*Id.* ¶ 20). The only time Patrick was permitted to leave the office was to get lunch; however, school officials escorted Patrick to the lunchroom and required that he eat his lunch back in Steele's office. (*Id.* ¶ 26).

Officer Hobson and Steele insisted that Patrick write a "self-incriminating" statement and sign it "under oath." (*Id.* ¶ 24). They directed Patrick to admit in writing he had committed repeated acts of bullying and/or harassment "under the penalties of perjury." (*Id.* ¶ 21). At some point during the interrogation, school officials confiscated Patrick's phone without his consent and told him he would be getting suspended or expelled. (*Id.* ¶¶ 24, 29). School officials did not provide Patrick with an attorney or any type of support person while he was questioned. (*Id.* ¶ 23). After hours of confinement and interrogation, Steele finally called Patrick's father and informed him that Patrick had

sent inappropriate social media messages. (*Id.* ¶ 27). Steele did not inform him, however, that Patrick had been interrogated and isolated for hours and that Patrick had been forced to write an incriminating statement. (*Id.*). After learning from Patrick's father that Patrick owned a car and could drive himself home, Steele released Patrick from school. (*Id.* ¶¶ 28,29). Within minutes of leaving CHS and arriving at his home, Patrick killed himself. (*Id.* ¶ 32).

Wahl was the Superintendent of Carmel Clay School Corporation at the time of Patrick's death. (*Id.* ¶ 8). He now moves to dismiss all of the claims against him. (Filing No. 10). The Complaint only contains one specific allegation directed at Wahl:

> At all relevant times herein Defendant Nicholas Wahl, as Superintendent of Carmel Clay School Corporation, was a managing agent, charged with the duties of the general administration of the school district, including, but not limited to, Carmel High School, hiring of teachers, safety of student population, training and oversight of all staff and school operations at Carmel High School, among other responsibilities. *Mr. Wahl is sued in his official capacity*.

(*Id.* ¶ 8) (emphasis added).

Wahl's motion must be granted. "[A] claim against a school official in his official capacity 'is not a suit against the official but rather is a suit against the official's office . . . [a]s such, it is no different from a suit against the [school] itself.'" *J.H. v. School Town of Munster*, 160 F.Supp.3d 1079, 1085 (N.D. Ind. 2016) (quoting *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (citation omitted)). Here, the claims against Wahl in his official capacity are duplicative of the claims against Carmel Clay School Corporation. *See J.H.*, 160 F.Supp.3d at 1085. Therefore, the claims against Wahl must be dismissed.

Plaintiffs argue that Wahl may have personally been involved with the deprivation of Patrick's rights. *See id.* at 1088 – 90; *see also Doe v. Champaign Community Unit 4 School Dist.*, No. 11–CV–3355, 2013 WL 3712350, at *4 – 5 (C.D. Ill. July 12, 2013). They also argue that several state claims remain against Wahl even if the federal claims against him are barred because there are allegations Wahl acted intentionally and recklessly. *See J.H.*, 160 F.Supp.3d at 1095. The problem for Plaintiffs is that the Complaint specifically says Wahl is being sued in his official capacity, and it lacks any allegations that Wahl had any personal involvement in Patrick's confinement and interrogation. For example, there are no allegations that Wahl participated in the interrogation and confinement; that Wahl somehow encouraged Steele and Hobson or turned a blind eye to their conduct; or that Wahl created a policy that led to Patrick's deprivation. Although federal pleading standards are quite liberal and Plaintiffs do not have to present evidence of Wahl's involvement, Plaintiffs must present at least *some* factual allegations that plausibly suggest Wahl was involved. *See Sevugan*, 931 F.3d at 614.

Plaintiffs will be given leave to amend their complaint to add factual content related to Wahl's involvement. *See Loja v. Main Street Acquisition Corp.*, 906 F.3d 680, 684 – 85 (7th Cir. 2018) (noting courts should give parties at least one chance to amend their complaint).

For the reasons stated above, Defendant Wahl's Motion to Dismiss (Filing No. 10) is **GRANTED**. All claims against Wahl are **DISMISSED**. Plaintiffs, however, are

granted leave to file an amended complaint to add allegations against Wahl. The Amended Complaint shall be filed **NO LATER** than **October 1, 2019.**

**SO ORDERED** this 18th day of September 2019.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.